UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BUENAVENTURA DIAZ-VALLE,<br><br>Plaintiff,<br><br>v.<br><br>SHARMALIE PERERA, *et al.*,<br><br>Defendants. | Civil No. 11-2443<br><br>OPINION |

    This action comes before the Court on Defendants' motion for: (1) an order pursuant to Federal Rule of Civil Procedure 12(b)(6) for dismissal of Plaintiff's complaint; or in the alternative (2) an order pursuant to Federal Rule of Civil Procedure 56(c) for summary judgment. For the reasons set forth below, the Court will **GRANT** summary judgment for Defendants.

I.   PROCEDURAL AND FACTUAL HISTORY

    Plaintiff Buenaventura Diaz-Valle brings this action against Defendants Sharmalie Perera, Yana Jeffers, Denise Johnson, Francis Meo, and Jane and John Does 1 through 20 (collectively, "Defendants"). Plaintiff is currently an inmate in Northern State Prison ("NSP"), a state prison in New Jersey. Plaintiff is a native Spanish speaker and does not understand English. Defendants are several medical doctors, physician's assistants, and nurses employed by NSP, and, with respect to the Doe Defendants, medical staff at South Woods State Prison ("SWSP").

    According to the Complaint, Plaintiff was diagnosed with a hiatal hernia over sixteen years ago. Plaintiff alleges from April 2009 through October 29, 2010, while he was an inmate at SWSP, his condition caused chronic pain, vomiting, loss of appetite, and weight loss of over thirty pounds. He further alleges that he submitted multiple medical service requests to the SWSP medical department, but several members of the medical staff refused to treat him or allow him access to a Spanish-speaking interpreter. On October 30, 2012, Plaintiff was transferred to NSP, and the staff at NSP similarly ignored or denied his requests for medical attention. In response to the medical staff's alleged lack of action,

Plaintiff claims to have filed a series of administrative relief forms, known as Inmate Remedy System Forms ("IRSFs"), in order to compel Defendants to treat him. He maintains that his IRSFs were ignored, as well.

Plaintiff filed a Complaint against Defendants on April 27, 2011, bringing claims under 42 U.S.C. § 1983 for deprivation of his Eighth Amendment rights by deliberate indifference to his medical needs. Defendants filed the pending motion in March of 2012. Plaintiff has not responded to the motion, and the time for any response has passed. The Court has federal question jurisdiction based on 28 U.S.C. § 1331.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard[1]

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring nonmoving party for jury to return verdict in its favor). In deciding whether triable issues of fact exist, this Court must view the underlying facts and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). However, the non-moving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Matsushita*, 475 U.S. at 586; *see also* Fed. R. Civ. P. 56(e)(3). "Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). But a plaintiff's pro se status does not excuse him from the

---

[1] In order to resolve the pending motion, the Court must consider evidence outside of the pleadings, which would be inappropriate under Rule 12(b)(6). Thus, the Court will analyze the motion solely through the lens of summary judgment under Rule 56. To the extent Defendants sought to move separately to dismiss under Rule 12(b)(6), the Court's decision on summary judgment renders any such motion moot.


obligations of Rule 56.  *See Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 420 n. 10 (3d Cir. 2000).

### B. Failure to Exhaust Administrative Remedies

Defendants first argue that Plaintiff failed to exhaust his administrative remedies, as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), which would bar this Court from undertaking further review of Plaintiff's claims.  Defendants are correct.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "[T]he PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010) (citing *Woodford*).  That means a prisoner must show compliance with his prison's specific grievance procedures prior to filing suit.  *Drippe*, 604 F.3d at 781.  This stricture applies to claims of deliberate indifference to medical needs, such as the claims Plaintiff raises here.  *See, e.g.*, *Watts v. Herbik*, 364 F. App'x 723, 724 (3d Cir. 2010) (affirming dismissal of deliberate indifference claim where plaintiff failed to exhaust administrative remedies).  "The availability of administrative remedies to a prisoner is a question of law." *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003) (quoting *Ray v. Kertes,* 285 F.3d 287, 291 (3d Cir. 2002)).

In support of their motion, Defendants have submitted the declarations of: Frank Pellegrino, the Inmate Request Coordinator at NSP; Peter Ramos, the Supervisor of Claims for the Division of Risk Management for the State of New Jersey Department of the Treasury; Ralph Woodward, the Director of the Health Services Unit at the New Jersey Department of Corrections office in Trenton; and Linda Linen, a Program Development Specialist at SWSP.  Defendants have also submitted various administrative and medical records pertaining to Plaintiff.  This evidence, in sum, establishes some basic facts regarding both prisons, their administrative grievance procedures, and Plaintiff's treatment and conduct during his incarceration.

Both SWSP and NSP have grievance systems for prisoners requesting administrative remedies pertaining to the conditions of incarceration.  Inmates are provided with IRSFs that allow them to address any concerns, problems, and complaints.  Once an inmate completes the form and submits it to the Office of the Executive Assistant in Charge of Remedy Forms, the IRSF is then given to the appropriate supervisor for a response.  After a thirty-day processing period, the

inmate receives a response to his IRSF. The inmate may appeal the response. After a response is provided to the inmate's appeal, his remedies are exhausted.

Although Plaintiff alleged that he exhausted his administrative remedies by attempting to use the IRSFs, Defendants uncontroverted evidence shows otherwise. Plaintiff submitted ten IRSFs while incarcerated at SWSP, but none concerning the claims raised in his complaint. During his incarceration at NSP, Plaintiff only submitted one IRSF, and that, too, did not concern his medical condition. These records indicate that not only did Plaintiff fail to exhaust his remedies, he did not use the process at all to attempt to remedy the issues that form the basis of his Section 1983 claims.

Because Plaintiff fails to proffer any evidence to the contrary, the Court finds that no genuine issue of material fact exists as to whether Plaintiff has exhausted his administrative remedies. Thus, summary judgment in Defendants' favor is appropriate.

### C. Deliberate Indifference Claims

Even had Plaintiff exhausted his administrative remedies, his claims for deliberate indifference could not survive a motion for summary judgment because he has failed to put forth evidence showing the existence of a genuine issue of material fact that might foreclose judgment against him.

To establish a claim under the Eighth Amendment for denial of medical care, an inmate-plaintiff must show that: (1) the defendant was deliberately indifferent to his medical needs; and (2) those needs were serious. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Deliberate indifference occurs when "[an] official knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Mere negligence is not sufficient. *See Estelle*, 429 U.S. at 106. Rather, deliberate indifference comprises a conscious disregard of a serious risk. *Rouse*, 182 F.3d at 197. A medical need is serious if it "has been diagnosed by a physician as requiring treatment," or if it "is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). "A medical need is also serious where denial of treatment would result in the unnecessary and wanton infliction of pain . . . or a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 273 (internal quotations and citations omitted).

Defendants have proffered sufficient evidence to indicate that they did not disregard an excessive risk to Plaintiff's health or safety. Plaintiff's medical records from his incarceration indicate that he received extensive medical care for

a variety of issues, including the medical issues that are the basis for his present claims.  Defendants also produced evidence that between April 8, 2009 and December 19, 2011, Plaintiff refused prescription pain medication and did not show for over fifty medical appointments.  Plaintiff's medical records clearly indicate that not only were Defendants making at least adequate attempts to treat Plaintiff, his intractable attitude made their job harder and possibly worsened his condition.  The Court does not see how Defendants' conduct even approaches the level of disregard required for a deliberate indifference claim.  *See Mosley v. Snider*, 10 F. App'x 663, 664 (10th Cir. 2001) (affirming summary judgment for medical staff-defendants where inmate refused to accept prescribed medication and missed three medical appointments); *Gadson v. Goord*, No. 96 Civ. 7544, 2000 WL 328879, at *4-6 (S.D.N.Y. Mar. 28, 2000) (granting summary judgment for defendants where inmate with severe back problems was offered medically adequate chair but inmate refused to accept it). On this record, the Court would have to find for Defendants.

## III. CONCLUSION

For the reasons discussed, the Court grants summary judgment for Defendants on the entirety of Plaintiff's complaint.  The Court also denies Defendants' motion to dismiss as moot.  An appropriate order follows.

    /s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**